UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ABIDALI HAJI,

        Petitioner,

-against-

                                                **ORDER**
                                                05 CV 2490 (RJD)

DAVID MILLER, Superintendent, Eastern
  Correctional Facility,

        Respondent.
-----------------------------------------------------X
RASHID KHAN,

        Petitioner,

-against-
                                                **ORDER**
                                              06 CV 2717 (RJD)

DAVID MILLER, Superintendent, Eastern
  Correctional Facility,

        Respondent.
-----------------------------------------------------X

DEARIE, Chief Judge.

By memorandum decisions dated October 24, 2008 granting the petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, this Court directed that, as to each petitioner, the judgments of conviction entered on both conspiracy counts (i.e., Counts One and Two of the indictment) be vacated, and that the matters be remanded to the state court for proceedings consistent with the memorandum decisions. See Haji v. Miller, 584 F. Supp. 2d 498 (E.D.N.Y. 2008); Khan v. Miller, 583 F. Supp. 2d 390 (E.D.N.Y. 2008). The Court's decisions explained that, under controlling Double Jeopardy authorities, for each petitioner, only one of the two conspiracy convictions could stand, Haji, 584 F. Supp. 2d at 520, and, consistent with the federalism principles guiding habeas jurisprudence, directed that "[t]he choice as to which is a

matter for the state court." Id.

By letter dated January 29, 2009, counsel for petitioner Haji, counsel for petitioner Khan, and counsel for respondent jointly seek clarification and modification of the Court's memorandum decisions (and the ensuing judgments) in one respect. The joint letter advises the Court that, at a conference held before the Honorable Richard Buchter in Supreme Court, Queens County, the state court "suggested that the second conspiracy count should be dismissed and petitioner's sentence on the first conspiracy count remain unchanged." Jt. Ltr. at 1. The parties further advise, however, that, to achieve this result and also comply with this Court's order directing that both conspiracy convictions be vacated, "the [state] court would have to dismiss the two conspiracy counts, and, on consent, reinstate the first conspiracy count," which would require either guilty pleas or new trials. Jt. Ltr. at 1. The parties' letter correctly recognizes that "the intent" of the Court's decision was only "to cure the double jeopardy violation" by eliminating, for each petitioner, one of the two conspiracy convictions and, therefore, one of the two consecutive terms of incarceration. Id. None of the parties now asserts, and indeed this Court's memorandum decisions did not contemplate, that the state should have to seek to re-obtain the single conspiracy conviction already established by the proof at trial (nor that petitioners might, as a result, secure an intended windfall). Indeed, in granting the writs, the Court's memorandum decision notes that petitioners "appropriately do not seek retrial on a new indictment charging only a single conspiracy, but instead ask only that one of their conspiracy convictions be vacated and that they be re-sentenced accordingly." Haji, 584 F. Supp. 2d at 520.

Accordingly, the parties' joint request for an order clarifying and modifying the memorandum decisions and judgments in these cases is granted, as follows: as to both Haji and

Khan, the conviction entered on Count Two (the second conspiracy count) is vacated, but the conviction on Count One (the first conspiracy count) is to remain undisturbed. The Court finds that this clarification merely implements the original intent of the memorandum decisions and does not effect a substantive change in the rights of the parties relative to the relief first announced in those decisions. With the exception of this single point of clarification, the memorandum decisions are unchanged. The Clerk of the Court is directed to modify the judgments accordingly.

SO ORDERED.

Dated: Brooklyn, New York
February 3, 2009

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
Chief United States District Judge